IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEPARTMENT OF EDUCATION, STATE OF HAWAI`I,<br><br>Plaintiff,<br><br>vs.<br><br>C.B., by and though his Parents, DONNA and SCOTT B.,<br><br>Defendant. | CIVIL NO. 11-00576 SOM/RLP<br><br>ORDER GRANTING DEFENDANT'S COUNTER-MOTION FOR STAY-PUT RECOGNITION, AND DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM |

**ORDER GRANTING DEFENDANT'S
COUNTER-MOTION FOR STAY-PUT RECOGNITION, AND
DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

**I.      INTRODUCTION.**

Defendant C.B., a minor, seeks an order stating that the Individuals with Disabilities Education Act ("IDEA") requires Plaintiff, the Department of Education of the State of Hawaii ("DOE"), to fund his placement at the private facility that he now attends, Autism Management Services ("AMS"), pursuant to the IDEA's stay put provision.

The DOE initiated this appeal from a decision by an Administrative Hearings Officer ("AHO").  The AHO had determined that C.B. had been denied the Free Appropriate Public Education ("FAPE") required by the IDEA and had ordered the DOE to reimburse C.B. and his parents, Donna and Scott B. ("Parents"),

for services at AMS.  This court reversed the AHO's decision, ruling that C.B. had been denied a FAPE.

C.B., by and through his parents, brought a counterclaim against the DOE asserting that the DOE is violating the stay put provision of the IDEA, 20 U.S.C. § 1415(j).  C.B. then filed a motion seeking an order that the DOE fund C.B.'s placement at AMS during the pendency of appellate proceedings ("Stay Put Motion").  The DOE seeks to dismiss C.B.'s counterclaim and opposes the Stay Put Motion.

Because this court was unable to determine whether the AHO had made the finding necessary to trigger the stay put provision, this court issued a remand to the AHO for the purpose of obtaining clarification on that limited matter.  This court asked the AHO whether, in her decision, she had intended to change C.B.'s "current educational placement" when she referred to AMS as an "appropriate program" for C.B.  The AHO responded that she had indeed intended to change C.B.'s current educational placement to AMS.  The court now denies the DOE's motion to dismiss C.B.'s counterclaim and grants C.B.'s Stay Put Motion.

**II.     STATUTORY FRAMEWORK.**

The IDEA includes a provision that permits a child to "stay put" in the child's current educational placement during the pendency of any administrative or judicial proceeding regarding a due process complaint notice.  See 20 U.S.C.

§ 1415(j); 34 C.F.R. § 300.518(a), (d). The stay put provision, bearing the title "Maintenance of current educational placement," states:

> Except as provided in subsection (k)(4), during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

20 U.S.C. § 1415(j).[1]

Although the statute itself does not speak of payment or reimbursement, the Ninth Circuit has interpreted the stay put provision as requiring a school district to fund the child's "current educational placement" at a private school, when applicable, during the pendency of any administrative or judicial proceedings under the IDEA. See Clovis Unified Sch. Dist. v. Cal. Office of Admin. Hearings, 903 F.2d 635, 641 (9th Cir. 1990) (per curiam).

The IDEA does not define the phrase "current educational placement." However, the Ninth Circuit has interpreted the phrase to mean "the placement set forth in the child's last implemented [Individualized Education Program]."

---

[1] Subsection (k)(4) concerns a child's placement pending a hearings officer's decision.

L.M. v. Capistrano Unified Sch. Dist., 556 F.3d 900, 902-03 (9th Cir. 2009) ("Capistrano") (citing Johnson v. Special Educ. Hearing Office, 287 F.3d 1176, 1180 (9th Cir, 2002); Drinker v. Colonial Sch. Dist., 78 F.3d 869, 867 (3d Cir. 1996); and Thomas v. Cincinnati Bd. of Educ., 918 F.2d 618, 625 (6th Cir. 1990)).

A post-placement administrative or judicial determination can also define the "current educational placement" of a child. "Where a parent unilaterally changes the placement of a child, but a subsequent administrative or judicial decision confirms that the parental placement is appropriate, . . . the placement becomes the 'current educational placement' for the purposes of the stay put provision." K.D. ex rel. C.L. v. Dept. of Educ., Hawaii, 665 F.3d 1110, 1118 (9th Cir. 2011) (quoting Clovis, 903 F.2d at 641). "However, such a favorable decision for a parent must expressly find that the private placement was appropriate." Id. (citing Capistrano, 556 F.3d at 903-04).

**III.     FACTUAL AND PROCEDURAL BACKGROUND.**

C.B. is a five-year-old boy with autism. See Administrative Record on Appeal, Petitioners' Exhibits, at 1. He has received special education since 2009. Administrative Record on Appeal at 227 ("Decision") ¶ 4. C.B. is now enrolled at AMS, a private program for children with autism, where he has been since May 2011. Id. ¶ 45.

4

On October 28, 2010, the DOE prepared the Individualized Education Program ("IEP") in issue before this court. Id. ¶ 22. Parents disagreed with the content of that IEP and requested a due process hearing on April 26, 2011. The AHO convened a hearing on July 18, 2011, and issued her decision on August 30, 2011. The AHO made numerous factual findings and concluded that the DOE had violated the IDEA (1) by not discussing or developing a transition plan, and (2) by failing to provide Parents with information they had requested about certain services that the DOE was to provide to C.B. Decision at 17-18. She concluded that C.B. had been denied a FAPE.

The AHO then concluded that, under School Committee of Burlington v. Department of Education of Massachusetts, 471 U.S. 359, 370 (1985), and Seattle School District, No. 1 v. B.S., 82 F.3d 1493 (9th Cir. 1996), C.B.'s parents were entitled to reimbursement because AMS had provided an "appropriate program" for C.B. Decision at 21. She ordered the DOE to reimburse Parents for the cost of C.B.'s tuition at AMS until the DOE developed an appropriate IEP for C.B. Id.

The DOE sought a preliminary injunction barring enforcement of the AHO's decision ordering the DOE to reimburse Parents for services provided to C.B. at AMS. On January 24, 2012, this court denied the DOE's motion. Order Denying

Plaintiff's Motion for Preliminary Injunction, Jan. 24, 2012, ECF No. 34.

On May 1, 2012, this court reversed the AHO's decision, concluding that C.B. had not been denied a FAPE. Order Denying the Decision of the Administrative Hearings Officer, May 1, 2012, ECF No. 57. Because reimbursement under 20 U.S.C. § 1412(a)(10)(C)(ii) is only warranted when there has been a denial of a FAPE, this court ruled that the DOE was not required to reimburse Parents for the costs of C.B.'s attendance at AMS under that provision. Id. at 26.

That left the court with the issue of whether the DOE had to pay for AMS under the stay put provision, other counterclaim issues having been voluntarily dismissed. Because the stay put provision would apply if any administrative or judicial decision announced that AMS was C.B.'s "current educational placement," regardless of whether that administrative or judicial decision was correct or not, it was important for this court to understand whether the AHO's express reference to AMS as an "appropriate program" had been an indication that the AHO deemed AMS to be C.B.'s "current educational placement."

On March 29, 2012, this court asked the AHO to clarify whether she had meant to treat AMS as C.B.'s "current educational placement," which would trigger the application of the stay put provision. Order (1) Denying in Part Plaintiff's Motion to

Dismiss Defendant's Counterclaims, and (2) Remanding Stay Put Issues to Hearings Officer in Connection with Defendant's Counter-motion for Stay-put Recognition, Mar. 29, 2012, ECF No. 52 ("Stay Order"). For the AHO's convenience, the court attached a form ("Remand Form") to its Stay Order for the AHO's use in responding to the question on remand. The AHO was also free to provide a written response without using the form. The Stay Order also permitted the parties to submit supplemental briefs after being served with the AHO's response, if they felt supplemental briefs were necessary. The DOE did not timely challenge the AHO's authority to respond.

On May 8, 2012, the AHO responded that she had indeed intended to change C.B.'s current educational placement to AMS. See AHO Remand Form, May 8, 2012, ECF No. 58. Upon receiving the AHO's response, the DOE for the first time argued that the AHO had lacked the authority to find that AMS was an appropriate placement for stay put purposes. In the alternative, the DOE argued that AMS was not an appropriate placement.[2] On June 18, 2012, after receiving the DOE's supplemental brief and C.B.'s

---

[2] C.B. argues in his opposition to the DOE's supplemental brief that he is entitled to attorneys' fees if he prevails on his Stay Put Motion and defeats the DOE's motion to dismiss his counterclaim. The court declines to address whether attorneys' fees are appropriate here because C.B. fails to properly raise this issue by a motion that complies with Local Rule 54.3.

7

response, this court held a continued hearing on the present motions. See ECF No. 64.

**IV.    ANALYSIS.**

Raising issues it failed to raise in its motion to dismiss C.B.'s counterclaim and in its opposition to C.B.'s Stay Put Motion, the DOE now argues that the AHO was not authorized to determine that AMS is an appropriate placement for C.B. The DOE bases its argument on C.B.'s failure to seek a change of placement in his due process hearing request. In the alternative, the DOE argues that, even if the AHO had the authority to change C.B.'s placement, AMS is not an appropriate placement because it cannot implement C.B.'s IEP.

In its Stay Order, this court indicated that the stay put provision would apply if the AHO stated that she intended to change C.B.'s current educational placement. The court said:

> If the AHO meant to treat AMS as C.B.'s current educational placement, the stay put provision requires the DOE to pay C.B.'s fees at AMS from at least the date of the AHO's decision until the end of all legal proceedings relating to the IEP of October 28, 2010, regardless of whether C.B. ultimately prevails or loses on the merits of the DOE's administrative appeal.

Stay Order at 14-15 (citing Clovis, 903 F.2d at 641). The Remand Form then expressly asked the AHO if, in her decision, she had intended to indicate that, "because [she] found that AMS was an appropriate educational placement for C.B., AMS became C.B.'s

'current educational placement' and C.B.'s parents were therefore entitled, pursuant to § 1415(j), to have the DOE pay for C.B. to attend AMS throughout the legal proceedings concerning the IEP of October 28, 2010." Remand Form at 1.

The Stay Order and Remand Form made it clear that this court's view was that the AHO had already made express findings, but that the court needed clarification concerning those findings. The court was not requesting new findings. Having been served with a copy of the Stay Order and the Remand Form, the DOE knew that this court was allowing the AHO to clarify what she had previously found. If the DOE disagreed with the court's clarification request, it should have raised a timely objection. The DOE never suggested that the Remand Form was improper.

At the continued hearing on the present motions, the DOE argued that this court must now determine whether the AHO's determination that AMS is an appropriate placement is in error. The DOE says that, absent such a determination by this court, the DOE will be denied a chance to raise certain issues on appeal. The DOE fails to clearly articulate how its right to appeal is threatened. The DOE appears to take the position that, by filling out the Remand Form, the AHO made a new finding that AMS is an appropriate placement for stay put purposes, and that it must challenge the new finding here before it can challenge the AHO's finding on appeal to the Ninth Circuit.

9

The court disagrees that, in answering this court's question on remand, the AHO made a new finding. Rather, she clarified her previous finding. On remand, this court asked the AHO if she had actually found that AMS was an appropriate placement for stay put purposes. She was not asked to make any finding that she had not already made.

Moreover, the DOE conceded at the hearing that a ruling by this court on whether the AHO properly found that AMS is an appropriate placement for stay put purposes would have no effect on whether C.B. is entitled to stay put protection. As explained above, the stay put provision requires that a child remain in his or her "current educational placement" during the pendency of appellate proceedings relating to the IEP in issue. See 20 U.S.C. § 1415(j). A placement becomes a child's "current educational placement" once an administrative hearings officer determines that a parent's unilateral placement is "appropriate," not when a reviewing court agrees that such a placement is appropriate. See K.D., 665 F.3d at 1118; Clovis, 903 F.2d at 641. The stay put provision operates as an "automatic injunction"; it requires "no specific showing on the part of the moving party." Joshua A. v. Rocklin Unified Sch. Dist., 559 F.3d 1036, 1040 (9th Cir. 2009). The court thus declines to review the AHO's finding that AMS is an appropriate placement for stay put purposes.

10

The essence of the DOE's argument appears to be that the IDEA requires a child to seek a change of placement in his or her due process hearing request before an administrative hearings officer can effectively change his or her placement for stay put purposes. This court has already rejected the DOE's argument that the AHO could only change C.B.'s "current educational placement" if Parents actually asked the AHO for such a change. See Stay Order at 18. The Ninth Circuit has held that a change of a child's "current educational placement" is implied when a parent unilaterally changes a child's placement and an administrative decision confirms that such a placement is appropriate. See K.D., 665 F.3d at 1118 (quoting Clovis, 903 F.2d at 641); Capistrano, 556 F.3d at 903 (referring to a reimbursement order as creating a current educational placement "implied by law" (citing Clovis, 903 F.2d at 641)). An administrative decision confirming that a unilateral placement is appropriate "constitute[s] an agreement by the State to the change of placement." K.D., 665 F.3d at 1118 (quoting Clovis, 903 F.2d at 641) (alteration in original). Cf. Bd. of Educ. of the Pawling Cent. Sch. Dist. v. Schutz, 290 F.3d 476, 484 (2d Cir. 2002) (holding that an order granting reimbursement based on a finding that an IEP is inappropriate constitutes a change in a child's "current educational placement" for stay put purposes).

If, as the DOE contends, the IDEA requires a child to expressly ask for a placement change in a due process hearing request, there would have been no reason for the Ninth Circuit to rule that a change is implied when an administrative decision agrees that a unilateral placement is appropriate. Because the AHO found that AMS is C.B.'s current educational placement for purposes of the stay put provision, the court grants C.B.'s Stay Put Motion, and denies the DOE's motion to dismiss C.B.'s counterclaim.

V.      **CONCLUSION.**

C.B.'s motion seeking stay put recognition is GRANTED. The DOE's motion seeking dismissal of C.B.'s counterclaim is DENIED. The DOE is ordered to fund C.B.'s placement at AMS during the pendency of any proceedings relating to the IEP of October 28, 2010, pursuant to 20 U.S.C. § 1415(j).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 26, 2012.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Dep't. of Educ., State of Hawaii  v. C.B.,; Civil No. 11-00576 SOM/RLP; ORDER GRANTING DEFENDANT'S COUNTER-MOTION FOR STAY-PUT RECOGNITION, AND DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

12