IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DEPARTMENT OF EDUCATION, STATE OF HAWAI'I,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>C.B., by and through his parents DONNA and SCOTT B.,<br><br>　　　　Defendants.<br>_____ | Civ. No. 11-00576 SOM/RLP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION DETERMINING DEFENDANTS AS PREVAILING PARTY AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS |

**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION DETERMINING DEFENDANTS AS PREVAILING PARTY AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

　　　　Before the court are objections by Plaintiff Department of Education ("DOE") to the Magistrate Judge's Findings and Recommendation To Grant in Part and Deny in Part Defendants' Motion Determining Defendants as Prevailing Party and for an Award of Attorneys' Fees and Costs ("F&R").  This court overrules the DOE's objections and adopts the F&R.

　　　　Defendant C.B. is an autistic minor who is qualified to receive special education and related services under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA").  After an administrative hearings officer ("AHO") determined that the DOE had violated the IDEA by denying C.B. a free and appropriate public education ("FAPE"), the DOE appealed the AHO's decision to this court.  This court reversed the AHO.  An ancillary dispute arose as to the application of the "stay

put" provision of the IDEA.  This court ruled that C.B. and C.B.'s parents (collectively, "Defendants") were entitled to the benefit of the "stay put" provision.  Defendants thereafter sought their fees and costs, and the F&R recommended an award of some of the fees and costs sought.  The DOE's objections to the F&R are premised on the argument that Defendants do not have "prevailing party" status and therefore are not entitled to recover any fees and costs.  This court disagrees with the DOE and adopts the F&R in its entirety.

## I.     Statutory Framework.

The "stay put" provision of the IDEA is designed to keep disruption to a child's education to a minimum.  The provision permits a child to "stay put" in the child's existing educational placement while administrative or judicial proceedings pursuant to the IDEA are pending.  See 20 U.S.C. § 1415(j); 34 C.F.R. § 300.518(a), (d).  The "stay put" provision states:

> Except as provided in subsection (k)(4), during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

20 U.S.C. § 1415(j).

As interpreted by the Ninth Circuit, the "stay put" provision requires a school district to fund the child's "current educational placement" at a private school while either administrative or judicial proceedings are occurring under the IDEA.  See Clovis Unified Sch. Dist. v. Cal. Office of Admin. Hearings, 903 F.2d 635, 641 (9th Cir. 1990)(per curiam).

A "current educational placement" is "the placement set forth in the child's last implemented" Individualized Education Program ("IEP").  L.M. v. Capistrano Unified Sch. Dist., 556 F.3d 900, 902-03 (9th Cir. 2009).  Even if not set forth in an IEP, a child's school may be deemed the child's "current educational placement" by an administrative hearings officer or a court that finds that the school the child is attending is appropriate under the IDEA.  Thus, the Ninth Circuit has said, "Where a parent unilaterally changes the placement of a child, but a subsequent administrative or judicial decision confirms that the parental placement is appropriate, . . . the placement becomes the 'current educational placement' for the purposes of the stay put provision."  K.D. ex rel. C.L. v. Dept. of Educ., Hawaii, 665 F.3d 1110, 1118 (9th Cir. 2011).  "However, such a favorable decision for a parent must expressly find that the private placement was appropriate."  Id.

**II.     Factual and Procedural Background.**

The background of this case is set forth in detail in

the F&R.  In summary, C.B. and his parents challenged the adequacy of an IEP.  Following a hearing, the AHO agreed with C.B. and his parents that the DOE had violated the IDEA, and the DOE appealed to this court.  This court reversed the AHO on the issue of whether the DOE had violated the IDEA, but treated separately the issue of whether, under the "stay put" provision, the DOE had to pay the costs of C.B.'s attendance at Autism Management Services ("AMS"), a private institution.  The DOE argued vigorously and repeatedly to the contrary.  This court, following receipt of clarification from the AHO on this point, determined that AMS was C.B.'s "current educational placement" and ordered the DOE to pay the costs of C.B.'s attendance at AMS.

With that ruling in hand, Defendants filed a Motion To Determine Defendants as Prevailing Party and for an Award of Attorneys' Fees and Costs ("Motion").  ECF No. 66.  The Motion argued that Defendants were the "prevailing party" for purposes of the "stay put" provision and were therefore entitled to an award against the DOE for attorney's fees in the amount of $54,821.97, and costs in the amount of $566.94.  Id. at 2.  Defendants argued that, even though they had not prevailed on the issue of whether the DOE had violated the IDEA, they should be treated as having prevailed "as to the significant issue of stay put."  Id. at 11.  C.B. argued:

> Even if Student is not a prevailing party as
> to his other claims, such as reimbursements

4

>> related to a ruling of a denial of FAPE, Student is entitled to have the DOE pay for efforts to obtain stay-put protection because the DOE refused to fulfill its obligation from the beginning of appeals.  Parents were forced to pay for the placement, and Student was forced to litigate for protection that should have been given without the need for litigation . . . . The effect of stay-put protection is to provide funding for Student while his appeals are pending, which in and of itself, as the Ninth Circuit has determined, is a significant issue.  It is the DOE's obligation to pay for the stay-put placement, not Parents', and the breach of that obligation should be remedied by forcing the DOE to compensate Parents and pay for their effort to secure stay-put protection. Student here should be reimbursed his attorney's fees because he is the prevailing party on the significant issue of stay-put protection.

Id. at 15-16.

In addition, Defendants argued that, in granting C.B. "stay put" protection, the court "required the State to *stop refusing to reimburse* Student." Id. at 18.  C.B. contends that he "could therefore be deemed to have changed the status quo, not because Student maintained his placement but because he forced the DOE to stop refusing to reimburse him, or in other words, he changed the legal relationship between the parties."  Id. at 18-19.  Defendants urged the Magistrate Judge to treat them as having prevailed by virtue of having "quashed the DOE's refusal to reimburse [them] for stay-put educational expenses related to [C.B.'s] stay-put placement."  Id. at 19.

The Magistrate Judge was persuaded by C.B.  The F&R

5

reasoned:

> The court finds that Parents are entitled to their attorneys' fees as prevailing parties under the IDEA. In this case, Parents' counterclaim and counter-motion for stay put recognition resulted in a material alteration of the legal relationship between Parents and the DOE. Specifically, C.B. remained at AMS during the pendency of this dispute, AMS was determined to be C.B.'s current educational placement for stay-put purposes, and the DOE was ordered to fund C.B.'s placement at AMS during the pendency of any proceedings relation to the October 28, 2010 IEP under 20 U.S.C. § 1415(j.)
>
> Moreover, unlike typical stay put cases, stay put protection for C.B. was not "automatic" or a matter of simply preserving the status quo. To the contrary, from the outset of the litigation, DOE refused to reimburse Parents for C.B.'s tuition at AMS. Indeed, even after the Court denied the DOE's motion for preliminary injunction, the DOE persisted in contesting the applicability of the stay put provision, arguing in its opposition to Parents' counter-motion that "stay put does not apply because AMS is not the current educational placement for stay put purposes." ECF No. 36, at 3. As a result, the Court had to determine that C.B.'s current educational placement was, in fact, AMS before the Court could preserve it as the status quo placement.
>
> In similar cases where the issue of whether stay put applied was substantively disputed by the school district, other courts have concluded that an award of attorneys' fees was warranted. See, e.g., K.R. ex rel. M.R. v. Bd. of Educ. of Brentwood Union Free Sch. Dist., 66 F. Supp. 2d 444, 450 (E.D.N.Y. 1999) ("Although enforcement of the IDEA's stay-put provision ordinarily amounts to no more than preservation of the status quo, where the petition also seeks a substantive determination of which educational placement

>           should be applied under the stay-put
>           provision, the petitioner has requested
>           relief on the merits.") (internal quotation
>           marks omitted); <u>Bayonne Bd. of Educ. v. R.S.
>           ex rel. K.S.</u>, 954 F. Supp. 933, 943 (D.N.J.
>           1997) (attorneys' fees awarded where court
>           made a substantive determination of which
>           educational placement should be applied under
>           stay-put provision in light of terms of
>           settlement agreement); <u>Student X v. N.Y.C.
>           Dep't of Educ.</u>, No. 07-2316, 2008 WL 4890440,
>           at *27 (E.D.N.Y. Oct. 30, 2008) ("Plaintiff
>           did not seek merely to maintain the status
>           quo, but litigated a substantive dispute over
>           which placement applied."); <u>Burke ex rel.
>           Burke v. Keenum</u>, No. 288-067, 1989 WL 14681,
>           at *3 (S.D. Ga. Feb. 21, 1989)("determination
>           of the status quo issue constitutes a final
>           judgment on the merits of plaintiffs'
>           claim").

F&R at 10-12.

The F&R then evaluated the request for fees for C.B.'s counsel. C.B.'s counsel requested $54,821.97 in attorney's fees, which the F&R reduced to $22,291.61, and $426.59 in costs, for a total award of $22,718.20. <u>Id.</u> at 30. In arriving at this determination, the F&R adjusted the reasonable hourly rate for C.B.'s counsel, and reduced the numbers of hours reasonably expended after eliminating double billing and clerical or ministerial tasks. <u>Id.</u> at 20-27. In addition, the F&R reduced C.B.'s counsel's requested fees by 50%, reasoning that about half of the fees had been spent on the issue of whether the DOE had violated the IDEA. The F&R said, "Defendants did not prevail on the ultimate issue of whether C.B. was denied a FAPE. Defendants did, however, secure stay put recognition, and the DOE was

7

ordered to fund C.B.'s placement at AMS during the pendency of any proceedings relating to the October 28, 2010 IEP." Id. at 28.

### III.     STANDARD OF REVIEW.

The court reviews *de novo* those portions of an F&R to which an objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ.P. 72(b); Local Rule 74.2.  The district court may accept those portions of the F&R that are not objected to if it is satisfied there is no clear error on the face of the record. Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).

### IV.      ANALYSIS.

The DOE's primary objection is that Defendants are not the "prevailing party" for the purposes of this administrative appeal.  Contending that a "prevailing party" must prevail on the merits of a dispute, the DOE focuses on this court's reversal of the AHO's decision that the DOE had violated the IDEA.  Obj. at 2-3.

Under the IDEA, a "prevailing party" must achieve success in a manner that "materially alter[s] the parties' legal relationship."  P.N. v. Seattle Sch. Dist. No. 1, 474 F.3d 1165, 1171 (9th Cir. 2007).  The DOE is correct in noting that, in the normal course, establishing entitlement to "stay put" protection does not give rise to entitlement as a "prevailing party" to recover attorney's fees.  This general rule, however, is not

absolute.

In <u>Termine ex rel. Termine v. William S. Hart Union High School District</u>, 288 Fed. Appx. 360 (9th Cir. 2008), the Ninth Circuit affirmed the district court's ruling that the parents of a child entitled to services under the IDEA were entitled to attorney's fees as the "prevailing party" in a case seeking "stay put" benefits.  The parents had challenged a special education placement offered to their child, and, in a separate federal district court action, had alleged that the school district was required by the "stay put" provision to "maintain" their daughter "in her then-current non-public school placement pending the outcome of the due process hearing."  <u>Id.</u> at 362.  The Ninth Circuit noted: "The district court did not abuse its discretion in holding that the Termines were the prevailing parties in the stay-put case . . . . [T]he Termines achieved relief that changed the legal relationship between the parties with respect to a significant issue, and also successfully invalidated Hart's argument regarding the stay-put placement."  <u>Id.</u>

This court, viewing the present case as raising the very issues raised in <u>Termine</u>, agrees with the F&R that Defendants are entitled to their attorneys' fees and costs as "prevailing parties" under the IDEA.  <u>See</u> F&R at 10.

The DOE relies on inapposite authorities in arguing

that prevailing on a "stay put" issue cannot entitle a party to attorney's fees and costs. For example, the DOE makes an unavailing reference to Department of Education v. M.F., 2012 WL 2415525 (D. Haw. May 31, 2012). In that case, Judge J. Michael Seabright of this district adopted the Magistrate Judge's Findings and Recommendation That Defendant's Motions for Attorneys' Fees and Costs Be Denied. While the Magistrate Judge had recommended that the district judge deny the student's motion for attorney's fees and costs relating to "stay put" benefits, the DOE had not disputed "that it could not change M.F.'s placement during the pendency of these proceedings." Id., at *2. That is, the DOE had not disputed its obligation under the "stay put" provision. It disputed only the dates to which the "stay put" provision applied. The court noted that the student "did not prevail on the disputed issues regarding stay put relief, and therefore is not a prevailing party on those grounds." Id.

By contrast, in the present case, the DOE vigorously contended that the "stay put" provision did not apply at all and declined to pay any "stay put" benefits. When this court ordered payment of "stay put" benefits, C.B. and C.B.'s parents became "prevailing parties" on the disputed issues regarding "stay put" relief. This case is therefore easily distinguishable from M.F.

This court also finds inapposite decisions by the Third and Seventh Circuits that the DOE relies heavily on.

In J.O. v. Orange Township Board of Education, 287 F.3d 267 (3d Cir. 2002), the Third Circuit affirmed the district court's decision denying attorney's fees to a mother who successfully argued that her son had to be allowed to attend a public school notwithstanding his behavioral difficulties. The school had sought to have the student home-schooled pending a determination of an appropriate educational placement. The Third Circuit did not rule that "stay put" relief could never give rise to an award of attorney's fees. The Third Circuit instead said, "Although parents who achieve favorable interim relief may be entitled to prevailing party attorney's fees as long as the interim relief granted derived from some determination on the merits, the District Court neither erred nor abused its discretion in denying the award of fees in this case." Id. at 274.

C.B.'s receipt of "stay put" benefits "derived" from a favorable decision by the AHO on the merits of C.B.'s challenge to an IEP. A corresponding award of attorney's fees to Defendants therefore does not run afoul of the reasoning in J.O.

Nor does the reasoning in Board of Education of Oak Park v. Nathan R., 199 F.3d 377 (7th Cir. 2000), also cited by the DOE, necessarily militate against an award of fees to C.B. and C.B.'s parents. In Nathan R., the Seventh Circuit affirmed a district court's decision declining to award attorney's fees to

11

parents who claimed to have prevailed on a "stay put" dispute. That case involved a disabled student who was expelled from his public high school for possession of marijuana. The school offered to provide "alternative non-special education services during the period of his expulsion." Id. at 379. The "stay put" issue went to whether the student had to be allowed to attend the public school pending the outcome of proceedings challenging the expulsion.

In administrative proceedings, the school was initially ordered to take the student back. That order was followed by an administrative determination that the expulsion was appropriate but that the school had to provide the student with special education services during his expulsion. The district court reversed, ruling that the school did not need to provide special education services because the student had been expelled for reasons unrelated to his disability. During the time the dispute was making its way through the administrative and district court proceedings, the student attended the public school pursuant to the "stay put" provision, ultimately graduating. When the issue of whether special education services had to be provided during expulsion reached the Seventh Circuit, the appellate court ruled that the issue was moot because the student had graduated.

What the Seventh Circuit said was not moot, however, was the parents' claim for attorney's fees in connection with

having prevailed on the "stay put" issue.  The Seventh Circuit affirmed the district court's ruling denying the parents attorney's fees, noting that the parents had not obtained an "enforceable judgment, consent decree, or settlement that materially alter[ed] the relationship between the parties."  Id. at 382.  The Seventh Circuit also said that the parents had obtained only interim relief, "and this circuit previously has held that the receipt of interim relief does not qualify a party for attorneys' fees."  Id.  Finally, the Seventh Circuit said, "Indeed, we also have stated explicitly that invocation of the stay-put provision of the IDEA does not entitle the party to attorneys' fees."  Id.

In contrast to the parents in Nathan R., Defendants in the present case obtained an order requiring a school district to pay for private tuition.  Because such a ruling is akin to a money judgment, the "stay put" ruling case is more readily characterized as an "enforceable judgment" materially altering the parties' relationship than the "stay put" order in Nathan R. requiring the public school to take Nathan R. back.

In the present case, as the Magistrate Judge observed, "the DOE elected to actively litigate the issue and withhold payment from Parents for nearly ten months."  F&R at 12. Defendants expended considerable time and effort in that connection.

This court is taken aback by the DOE's present protest that its actions flowed from what it calls "the ambiguity of the AHO's decision." Obj. at 8, ECF No. 81. The DOE says:

> As this Court is aware, the case of L.M. v. Capistrano, 556 F.3d 900 (9th Cir. 2008) called into question the application of "stay put" in instances where the hearings officer finds that a private placement is appropriate for "reimbursement" purposes yet fails to specifically find that the private placement is appropriate for "stay put" purposes. Here, this Court recognized its potential application to this case as the AHO only stated appropriateness within the context of reimbursement; that is why this Court, *sua sponte*, remanded it to the AHO to clarify the decision. Defendant did not request that it be remanded, and did little, if anything, to establish AMS as the "current educational placement." Establishment of "stay put" was based solely on the AHO's clarification and remand order.
>
> Plaintiff DOE should not be penalized for the AHO's lack of clarity and its effect on the determination of the "current educational placement" for "stay put" purposes.

Id. at 9. There are two problems with the DOE's argument that an award of attorney's fees and costs against it is unfair because it was the AHO decision that lacked clarity.

First, the DOE is a latecomer to the view that the AHO's decision was ambiguous. Although the DOE's recognition is better late than never, that recognition comes after months during which the DOE unrelentingly contended that there was no ambiguity at all in the AHO's position. Thus, for example, in

14

prior proceedings before this court, the DOE said, "[T]he AHO's finding of appropriateness was limited solely to the issue of reimbursement.  Without a clear determination of appropriateness of placement, AMS cannot be deemed student's 'current educational placement' and that 'stay put' does not apply here."  Motion To Dismiss Defendants' Counterclaims at 9, ECF No. 15.  It is incongruous for the DOE to seek relief now on the ground that it so vehemently denied for so long.  It was that very denial that drove up Defendants' attorney's fees.  Had the DOE conceded that the AHO's ruling was ambiguous, it could have sought clarification even before any party appealed to this court.

       Second, the DOE appears to be saying that the party that should bear the burden of the ambiguity in the AHO's decision is C.B.!  Because this court has determined that C.B. was correct with respect to what the AHO had intended in connection with the "stay put" provision, the DOE's "burden shifting" makes little sense to this court.

       This court agrees fully with the Magistrate Judge's determination that Defendants have "prevailing party" status.

       Having also reviewed the Magistrate Judge's careful and detailed analysis regarding the amount of fees and costs that should be awarded, this court also adopts the calculations in the F&R, which the DOE has not challenged on this appeal.

15

**V.     CONCLUSION.**

For the foregoing reasons, the court adopts the F&R without modification.  Defendants are awarded $22,291.61 in attorney's fees and $426.59 in costs, for a total award of $22,718.20.

IT IS SO ORDERED.

DATED:  Honolulu, February 26, 2013.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

DEPARTMENT OF EDUCATION, STATE OF HAWAII v. C.B., by and through his parents DONNA and SCOTT B., Civ No. 11-00576 SOM/RLP; ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION DETERMINING DEFENDANTS AS PREVAILING PARTY AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS